IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD J. NICHOLAS, | | |
| Plaintiff, | No. CIV S-06-2004 WBS DAD P | |
| vs. | | |
| DEBORAH RUGGERIO, et al., | <u>ORDER AND</u> | |
| Defendants. | <u>FINDINGS & RECOMMENDATIONS</u> | |
| _____/ | | |

      Plaintiff is a state prisoner confined in a state correctional institution in Pennsylvania. He has filed an amended complaint and seeks relief pursuant to 42 U.S.C. § 1983. In his amended complaint, plaintiff alleges that defendants Pennsylvania police officers Heffner, Schriver, and Zozos participated in false arrests, made false statements in police reports, and committed misconduct at his preliminary hearing.[1] He asks this court to review the merits of his claims and to render an opinion as to whether federal law requires the signature of all juror "to bind a conviction." (Am. Compl. at 8.)

/////

---

[1] The court has determined by reviewing petitioner's amended complaint and his petitions for writ of mandamus, filed on October 2, 2006, that his claims relate to his criminal conviction in Pennsylvania.

1        The federal venue statute requires that a civil action, other than one based on
2 diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all
3 defendants reside in the same State, (2) a judicial district in which a substantial part of the events
4 or omissions giving rise to the claim occurred, or a substantial part of property that is the subject
5 of the action is situated, or (3) a judicial district in which any defendant may be found, if there is
6 no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

7        In this case, plaintiff complains of events that allegedly occurred in Pennsylvania,
8 and it appears that all defendants reside in that state. Pursuant to 28 U.S.C. § 1391(b), plaintiff's
9 action should have been filed in a United States District Court in Pennsylvania.[2]

10        In the interest of justice, a federal court may transfer a complaint filed in the
11 wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918,
12 932 (D.C. Cir. 1974). However, the complaint in this case is defective because plaintiff's attack
13 on the legality of his confinement should be raised in habeas proceedings rather than in a civil
14 rights action. See Preiser v. Rodriguez, 411 U.S. 475 (1973). For this reason, the undersigned
15 will not transfer the complaint but will recommend that this action be dismissed without
16 prejudice to the filing of a proper action in the proper district court.

17        On October 2, 2006 and October 5, 2006, plaintiff filed defective motions for
18 leave to proceed in forma pauperis. Plaintiff failed to have the authorized officer complete the
19 certificate portion of his application and to provide a certified copy of his inmate trust account
20 statement. Accordingly, plaintiff's motions for leave to proceed in forma pauperis will be
21 denied.

22        Accordingly, IT IS HEREBY ORDERED that plaintiff's October 2, 2006 and
23 October 5, 2006 motions for leave to proceed in forma pauperis are denied.
24 /////

---

26   [2] Pennsylvania is divided into three federal judicial districts known as the Eastern, Middle, and Western Districts of Pennsylvania. 28 U.S.C. § 118.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
nich2004.56venue